**WO**                                                                          SC

1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

John Anthony Pierog,                    )        No. CV 05-2625-PCT-MHM (JRI)
                                        )
          Plaintiff,                    )        **ORDER**
                                        )
vs.                                     )
                                        )
Sue Beale,                              )
                                        )
          Defendant.                    )
_____)

Plaintiff John Anthony Pierog, an inmate confined in the Arizona State Prison Complex-Phoenix West, in Phoenix, Arizona, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint with leave to amend. (Doc.# 1.)[1]

**I.    Application to Proceed In Forma Pauperis & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $250.00, beginning with payment of an initial partial filing fee of $65.63. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

**II.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints filed by prisoners seeking relief against a

_____

[1] "Doc.#" refers to the docket number of documents filed in this action.

JDDL-K

1   governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

2   § 1915A(a).  The Court must dismiss a complaint, or portion thereof, if Plaintiff has raised

3   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

4   may be granted, or that seek monetary relief from a defendant who is immune from such

5   relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured

6   by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the

7   complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th

8   Cir. 2000) (*en banc*).

9       The Court is required to grant leave to amend "if a complaint can possibly be saved"

10  by the allegation of additional facts, but not if the complaint "lacks merit entirely."  Id. at

11  1129-30.  The Court should not, however, advise the litigant how to cure the defects.  This

12  type of advice "would undermine the district judges' role as impartial decisionmakers."

13  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining

14  to decide whether court was required to inform litigant of deficiencies).  Plaintiff's complaint

15  will be dismissed for failure to state a claim *with* leave to amend because he may be able to

16  state non-frivolous claims for relief by alleging additional facts.

17  **III.    Complaint**

18      Plaintiff filed this action naming only Mohave County Sheriff's Office ("MCSO")

19  Sergeant Sue Beale as a Defendant.  He alleges that his personal property, located at Willow

20  Ranch in Kingman, Arizona, was seized and/or damaged during a consent search performed

21  by MCSO and that his property was further damaged or stolen as a result of MCSO's failure

22  to properly secure his property after the search.[2]  Plaintiff alleges violations of his Fourth,

23  Ninth and Fourteenth Amendment rights.

24  **IV.    Failure to State a Claim**

25      To sustain an action under section 1983, a plaintiff must show (1) that the conduct

26

27      [2]   He alleges that the failure to secure his property after the search exposed it to

28  damage from the elements, infestation by rodents, and/or additional damage or theft by third
    parties.

1    about which he complains was committed by a person acting under the color of state law and

2    (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right. Wood

3    v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  For a person to be liable in his official

4    capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or

5    custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  A

6    supervisor, in her individual capacity, "is only liable for constitutional violations of [her]

7    subordinates if the supervisor participated in or directed the violations, or knew of the

8    violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

9    1989).  Further, "[a] plaintiff must allege facts, not simply conclusions, that show that an

10   individual was personally involved in the deprivation of his civil rights."  Barren v.

11   Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

12          **A.    Sergeant Beale**

13          The only facts alleged by Plaintiff against Sergeant Beale is that she asked him to sign

14   a consent to search his property on May 17, 2004, while he was incarcerated in the Phoenix

15   West prison.  (Doc.# 1 at 4.)  Plaintiff admits that he signed the consent and alleges that a

16   copy of the signed consent was faxed to MCSO, which apparently thereafter conducted the

17   search.  (Id.)  Plaintiff has not alleged that the Defendant enacted or enforced a policy,

18   custom, or practice that resulted in the denial of Plaintiff's civil rights.  At most, he only

19   alleges the Defendant asked him for consent to search, which he gave, and then failed to

20   respond to subsequent inquiries made by him.[3]  (Id. at 4, 6, 6A.)  Plaintiff has not alleged the

21   Defendant either directly violated his constitutional rights or that she was aware of any

22   violation of his rights, but failed to act.  He does not even allege that Beale was present

23   during the search.  In short, Plaintiff fails to state a claim against Sergeant Beale.

24   /      /      /

25

26

27          [3]  Plaintiff alleges that he revoked his consent and sent three letters to Beale to
     ascertain whether stolen items were found and what items had been removed, and requesting
28   that MCSO secure and repair damage to his property, but received no response.  It appears
     that he did not attempt to revoke his consent until some weeks after the search.  (Id. at 6A.)

## B.    Fourth Amendment

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" absent a warrant supported by probable cause.  U.S. Const. amend. IV.  Plaintiff alleges that he consented to a search of his property but that he did not consent to any seizure from his property.  The Supreme Court has recognized several exceptions to the warrant requirement for seizures pursuant to a consent search.  See e.g., United States v. Jenkins, 876 F.2d 1085, 1088 (2d Cir. 1989); United States v. Soussi, 29 F.3d 565, 571-72 (10th Cir. 1994).  Absent a cognizable exception, whether a seizure pursuant to a consent search violates an individual's Fourth Amendment rights turns on the scope of the consent granted.  See United States v. Rodriguez-Preciado, 399 F.3d 1118, 1131 (9th Cir. 2005); United States v. Perez, 37 F.3d 510, 515 (9th Cir. 1994); Jenkins, 876 F.2d at 1088; see also United States v. Gilbreath, 161 Fed. Appx. 700 (9th Cir. 2006).  Plaintiff does not allege facts regarding the scope of the consent to search signed by him or how the search of his property exceeded that scope.  If Plaintiff re-alleges a Fourth Amendment violation in a first amended complaint, it may be subject to dismissal absent additional allegations of fact regarding the scope of the consent signed by Plaintiff.

A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction because a prisoner's sole federal remedy to challenge the validity of his confinement is a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Thus:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  That is, a judgment in favor of the plaintiff in a § 1983 action that would necessarily imply the invalidity of his conviction or

1  sentence does not accrue unless and until he has otherwise obtained a favorable termination

2  of his conviction or sentence, and must be dismissed.  Id. at 487, 489.

3          Plaintiff is currently incarcerated and challenges a seizure, incident to a search to

4  which he consented, while he was incarcerated.  It is not clear that the seizure about which

5  Plaintiff complains is unrelated to pending charges or conviction and, therefore, that any

6  Fourth Amendment claim has accrued under Heck.

7          The Complaint is being dismissed with leave to file a first amended complaint. If

8  Plaintiff chooses to re-allege a Fourth Amendment claim, Plaintiff should allege facts

9  regarding the scope of the consent signed by him and whether (1) the conduct about which

10 he complains arise out of events that resulted in a conviction or pending charges, or (2) the

11 actions arose out of charges that have been either dismissed or for which Plaintiff has been

12 acquitted.

13         **D.    Fifth and Fourteenth Amendment Due Process**

14         Plaintiff also alleges a violation of his Fifth and Fourteenth Amendment due process

15 rights in Counts II and IV.   It is the Fourteenth, rather than the Fifth, Amendment that

16 applies to state actors.  Further, where the state makes a meaningful post-deprivation remedy

17 available, neither a negligent, nor an intentional, deprivation of an inmate's property by a

18 state employee violates the inmate's Fourteenth Amendment right to due process.  Parratt v.

19 Taylor, 451 U.S. 527, 541 (1981) (negligent); Hudson v. Palmer, 468 U.S. 517, 533 (1984)

20 (intentional).  The availability of a common-law tort suit against a state employee constitutes

21 an adequate post-deprivation remedy.  Hudson, 468 U.S. at 534-35.  If Plaintiff chooses to

22 re-allege violations of his Fifth and/or Fourteenth Amendment due process rights in a first

23 amended complaint, such claims may be subject to dismissal for failure to state a claim.

24         **D.    Count III - Ninth Amendment**

25         Plaintiff alleges that his Ninth Amendment rights were violated by the seizure of,

26 and/or damage to, his personal property.   The Ninth Amendment provides that "the

27 enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage

28 others retained by the people." U.S. Const. amend. IX.  The Ninth Amendment "has never

1   been recognized as independently securing any constitutional right[] for purposes of pursuing

2   a civil rights claim." Strandberg v. City of Helena, 791 F.2d 744, 748-49 (9th Cir. 1986); see

3   also San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121, 1125 (9th Cir. 1996)

4   (collecting authorities rejecting the Ninth Amendment as independently securing

5   constitutional rights).  Instead, a civil rights claim must be based on a specific constitutional

6   guarantee. Strandberg, 791 F.2d at 749 (collecting United States Supreme Court authorities).

7   If Plaintiff chooses to re-allege a Ninth Amendment violation in a first amended complaint,

8   such claim will be dismissed for failure to state a claim.

9   **IV.    Leave to Amend**

10          For the foregoing reason, Plaintiff's Complaint will be dismissed with leave to amend.

11  Within 30 days, Plaintiff must submit a First Amended Complaint to cure the deficiencies.

12  The Clerk of Court will mail Plaintiff a court-approved form to use for his First Amended

13  Complaint.

14          Plaintiff must clearly designate on the face of the document that it is a first amended

15  complaint.  The first amended complaint must be retyped or rewritten in its entirety on the

16  court-approved form and may not incorporate any part of the original Complaint by

17  reference.  Plaintiff may include only one claim per count.

18          A first amended complaint will supersede the original Complaint. Ferdik v. Bonzelet,

19  963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d

20  1542, 1546 (9th Cir. 1990).  After amendment, the original Complaint will be treated as

21  nonexistent. Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

22  Complaint but not in the first amended complaint is waived.  King v. Atiyeh, 814 F.2d 565,

23  567 (9th Cir. 1987).

24  **V.    Warnings**

25          **A.    Release**

26          Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

27  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

28  the balance, or (2) show good cause, in writing, why he cannot.  Failure to comply may result

1   in dismissal.

2         **B.      Address Changes**

3         Plaintiff must file and serve a notice of a change of address 10 days before the move

4   is effective, if practicable.  <u>See</u> LRCiv 83.3(d).  Plaintiff must not include a motion for other

5   relief with a notice of change of address.  Failure to comply may result in dismissal.

6         **C.      Copies**

7         Plaintiff must submit an additional copy of every document that he files for use by the

8   Court.  <u>See</u> LRCiv. 5.4.  Failure to comply may result in the filing being stricken without

9   further notice to Plaintiff.

10        **D.      Possible "Strike"**

11        Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

12  to file an amended complaint correcting the deficiencies identified in this Order, the

13  dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

14        **E.      Possible Dismissal**

15        Plaintiff is warned that failure to timely comply with every provision of this Order,

16  including these warnings, may result in dismissal of this action without further notice.  <u>See</u>

17  <u>Ferdik</u>, 963 F.2d at 1260-61 (district court may dismiss action for failure to comply with any

18  order of the Court).

19  **IT IS ORDERED:**

20        (1)  Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc.# 1.)

21        (2)  As required by the accompanying Order to the appropriate government agency.

22  Plaintiff must pay the $250.00 filing fee, and is assessed an initial partial filing fee of $65.63.

23        (3)  The Complaint is **dismissed** for failure to state a claim.  (Doc. # 1.)  Plaintiff will

24  have **30 days** from the date this Order is filed to file a First Amended Complaint in

25  compliance with this Order.

26        (4)  If Plaintiff fails to comply, the Clerk of Court will enter a judgment of dismissal

27  with prejudice and without further notice and will indicate that the dismissal is pursuant to

28  28 U.S.C. § 1915(g).

1        (5)  The Clerk of Court must mail Plaintiff the court-approved form for filing a civil

2    rights complaint by a prisoner.

3        DATED this 6th day of July, 2006.



                       Mary H. Murguia
                 United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  General Information About the Civil Rights Complaint Form:

A.  The Form.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  Your Signature.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  The Filing Fee.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  Court Divisions.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

Phoenix & Prescott Divisions:　　　**OR**　　　Tucson Division:

U.S. District Court Clerk　　　　　　　　　U.S. District Court Clerk
U.S. Courthouse, Suite 321　　　　　　　　U.S. Courthouse, Suite 1500

401 West Washington Street, SPC 10          405 West Congress Street
Phoenix, Arizona  85003-2119                Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

    I hereby certify that a copy of the foregoing document was mailed
    this ___ day of___(month)___ , (year) , to:
    Name: _____
    Address:_____
        Attorney for Defendant(s)/Respondent(s)


    _____
    (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  <u>Exhibits</u>.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  Letters and Motions.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

    1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

    2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated. The form provides space to allege three separate counts (one violation per count). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. Counts. You must identify which civil right was violated. YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. YOU MAY CHECK ONLY ONE BOX  PER COUNT. If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3. Supporting Facts. After you have identified which civil right was violated, you need to state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you need to identify which defendant did what act. You also need to state the date(s) on which the act(s) occurred if possible.

4. Injury. State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies. Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint. 42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action. Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint. Your signature must be an original signature, not a photocopy.

**FINAL NOTE**

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed by the court. All questions must be answered concisely

4

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ , )
                                   )
(Full Name of Plaintiff)           )
                Plaintiff,         )
                                   )
            vs.                    )   CASE NO. _____
                                   )           (To be supplied by the Clerk)
_____ , )
                                   )
_____ , )
                                   )        CIVIL RIGHTS COMPLAINT
_____ , )            BY A PRISONER
                                   )
_____ , )   ☐ Original Complaint
(Full Name of Each Defendant)      )   ☐ First Amended Complaint
                Defendant(s).      )   ☐ Second Amended Complaint
                                   )


## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.  ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.
    Present mailing address: _____.
        **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
             (Position and Title)                                              (Institution)

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
             (Position and Title)                                              (Institution)

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
             (Position and Title)                                              (Institution)

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
             (Position and Title)                                              (Institution)

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

2

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____
_____
_____

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
_____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:

    a.   Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
_____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____
_____
_____.

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
_____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:

    a.   Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
_____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____
_____
_____.

    e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) ____
_____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

## C.  CAUSE OF ACTION

### COUNT I

1.   The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.   Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
     in a different count)          ☐ Mail          ☐ Access to the court     ☐ Medical care
          ☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion    ☐ Retaliation
          ☐ Excessive force by an officer   ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
     a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
          your institution?                                                              ☐ Yes     ☐ No
     b.   Did you submit a request for administrative relief on Count I?                  ☐ Yes     ☐ No
     c.   Did you appeal your request for relief on Count I to the highest level?         ☐ Yes     ☐ No
     d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
          why you did not.  _____
          _____.

4

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.


2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)        ☐ Mail              ☐ Access to the court        ☐ Medical care
                                    ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion    ☐ Retaliation
                                    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.


4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.


5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                    ☐ Yes    ☐ No
      b.    Did you submit a request for administrative relief on Count II?        ☐ Yes    ☐ No
      c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____
            _____.

### COUNT III

1.   The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____.


2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)        ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings        ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety    ☐ Other: _____.

3.   **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
legal authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.   **Administrative Remedies:**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                                        ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count III?            ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?    ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.  _____
_____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                            DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.